**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:16-cv-02144-NYW

KEVIN HENRY,

      Plaintiff,

v.

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE (CWALT 2005-J12),

      Defendant.

---

**ANSWER TO AMENDED COMPLAINT**

---

Defendant The Bank of New York Mellon f/k/a The Bank of New York as Trustee (CWALT 2005-J12) answers plaintiff Kevin Henry's amended complaint, Doc. No. 7.

1.      Admitted upon information and belief.

2.      Defendant admits The Bank of New York Mellon is a New York state-chartered bank.  Except as stated, defendant denies each and every other allegation in paragraph 2.

3.      Paragraph 3 states a legal conclusion to which no responsive pleading is required.

4.      Paragraph 4 states a legal conclusion to which no responsive pleading is required.

5.      Admitted.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and denies the same.

7.      Defendant is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in paragraph 7 and denies the same.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 and denies the same.

9.      Denied.

10.     Defendant admits plaintiff filed a complaint in El Paso County District Court, under Case No. 10CV0076 on February 10, 2010.  The complaint speaks for itself, and defendant denies any allegations inconsistent therewith.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 and denies the same.

11.     Defendant admits a withdrawal of notice of election and demand for sale was recorded with the El Paso Public Trustee on October 20, 2010, at Reception No. 210104984. Except as stated, defendant denies each and every other allegation in paragraph 11.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and denies the same.

13.     Defendant admits a notice of election and demand for sale was recorded with the El Paso County Public Trustee on March 21, 2016, at Reception No. 216027729.  Except as stated, defendant denies each and every other allegation in paragraph 13.

14.     Admitted.

## COUNT 1 – STATUTE OF LIMITATIONS HAS RUN

15.     Defendant realleges and incorporates the above responses as though fully set out herein.

16.     The allegations in paragraph 16 purport to characterize C.R.S. § 13-80-

103.5(1)(a).   The statute speaks for itself, and defendant denies any allegations inconsistent therewith.

17.     The allegations in paragraph 17 purport to characterize C.R.S. § 13-80-108.  The statute speaks for itself, and defendant denies any allegations inconsistent therewith.  Except as stated, defendant denies each and every other allegation in paragraph 17.

18.     Paragraph 18 states a legal conclusion to which to no responsive pleading is required.  Except as stated, defendant denies each and every other allegation in paragraph 18.

19.     Paragraph 19 states a legal conclusion to which no responsive pleading is required.  Except as stated, defendant denies each and every other allegation in paragraph 19.

20.     Paragraph 20 purports to characterize the deed of trust.  The deed of trust speaks for itself, and defendant denies any allegations inconsistent therewith. Except as stated, defendant denies each and every other allegation in paragraph 20.

21.     Denied.

## COUNT 2 – LACK OF STANDING TO BRING A FORECLOSURE ACTION

22.     Defendant realleges and incorporates the above responses as though fully set out herein.

23.     Paragraph 23 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

24.     Defendant admits plaintiff obtained a loan from Mila, Inc., a Washington corporation, in 2005.  The remaining allegations in paragraph 24 purport to characterize the note and deed of trust, which speak for themselves.  Defendant denies any allegations inconsistent therewith.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and denies the same.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and denies the same.

27.     Denied.

28.     Denied.

29.     Defendant admits an assignment of deed of trust was recorded with the El Paso County Clerk & Recorder on April 25, 2014, at Reception No. 214034130.  The assignment speaks for itself, and defendant denies any allegations inconsistent therewith.  Except as stated, defendant denies each and every other allegation in paragraph 29.

30.     Defendant admits an assignment of deed of trust was recorded with the El Paso County Clerk & Recorder on July 7, 2011, at Reception No. 2011065491.  The assignment speaks for itself, and defendant denies any allegations inconsistent therewith.  Except as stated, defendant denies each and every other allegation in paragraph 30.

31.     Paragraph 31 states legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

**COUNT 3 – NOTE AND DEED OF TRUST ARE VOID BY OPERATION OF LAW**

32.     Defendant realleges and incorporates the above responses as though fully set out herein.

33.     Denied.

34.     Paragraph 34 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, defendant denies paragraph 34 is an accurate and

complete statement of the law.

35.    Denied.

## COUNT 4 – WRONGFUL FORECLOSURE

## FAILURE TO FOLLOW PROCEDURES

36.    Defendant realleges and incorporates the above responses as though fully set out herein.

37.    Denied.

38.    Denied.

39.    Defendant admits a notice of election and demand for sale was recorded with the El Paso County Clerk & Recorder on March 21, 2016, at Reception No. 216027729.  The notice of election and demand speaks for itself, and defendant denies any allegations inconsistent therewith.  Except as stated, defendant denies each and every other allegation in paragraph 39.

40.    Paragraph 40 states a legal conclusion to which no responsive pleading is required.

41.    Paragraph 41 purports to characterize C.R.S. § 38-38-103.1.  The statute speaks for itself, and defendant denies any allegations inconsistent therewith.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 and denies the same.

43.    Denied.

44.    Defendant admits two deeds of trust were recorded with the El Paso County Clerk & Recorder on June 13, 2003, at Reception Nos. 203131075 and 203131076.  The deeds of trust speak for themselves, and defendant denies any allegations inconsistent therewith.

45.     Defendant admits a request for release of deed of trust and release was recorded with the El Paso County Clerk & Recorder on November 23, 2005, at Reception No. 205187866. The request for release and release speaks for itself, and defendant denies any allegations inconsistent therewith. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 45 and denies the same.

46.      Defendant admits a request for release of deed of trust and release was recorded with the El Paso Clerk & Recorder on May 6, 2005, at Reception No. 205065696.  The request for release and release speaks for itself, and defendant denies any allegations inconsistent therewith.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 46 and denies the same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 and denies the same.

48.     Paragraph 48 purports to characterize C.R.S. § 38-39-102.  The statute speaks for itself, and defendant denies any allegations inconsistent therewith.

49.     Denied.

50.     Paragraph 50 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

51.     Defendant denies all allegations not expressly admitted.

### **AFFIRMATIVE DEFENSES**

1.     The amended complaint fails to state a claim upon which relief may be granted.

2.     The amended complaint is barred for failure to join the current title holder, an indispensable party.

3.      Plaintiff's amended complaint is barred, in whole or in part, by the doctrines of waiver or estoppel.

4.      Plaintiff lacks standing to pursue some or all of his claims.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

6.      Plaintiff's rescission claim is barred by the Truth in Lending Act's three-year statute of repose.

7.      Plaintiff's amended complaint may be barred by his own breach of contract.

8.      Plaintiff's amended complaint is barred, in whole or in part, by *res judicata* and/or collateral estoppel.

9.       Plaintiff's amended complaint is barred by his own unclean hands.

10.     Defendant has insufficient knowledge or information as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they may be appropriate.

WHEREFORE, defendant prays for judgment as follows:

1.  The amended complaint and ever cause of action therein be dismissed with prejudice;

2.  Plaintiff's prayers for relief be denied;

3.  Judgment be entered in favor of defendant;

4.  Defendant be awarded its costs and attorneys' fees—if allowable—in this action; and

5.   Defendant be awarded such other and further relief as the court deems proper.

Respectfully submitted, this 31st day of August, 2016.

<div style="margin-left: 40%;">

*s/ Taylor T. Haywood*

Justin D. Balser

Taylor T. Haywood

**AKERMAN LLP**

1400 Wewatta Street, Suite 500

Denver, Colorado 80202

Telephone:      (303) 260-7712

Facsimile:      (303) 260-7714

Email: justin.balser@akerman.com

Email: taylor.haywood@akerman.com

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify on this 31st day of August, 2016, a true and correct copy of the foregoing

**ANSWER TO AMENDED COMPLAINT** was filed electronically via CM/ECF and served as

follows:

> Kevin Henry
> 4133 Zurich Drive
> Colorado Springs, Colorado 80920
>
> *Pro Se Plaintiff*
> *VIA U.S. MAIL*

> <u>*s/ Nick Mangels*</u>
> Nick Mangels