**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:16-cv-02144-PAB

KEVIN HENRY,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE (CWALT 2005-J12),

    Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference is scheduled for November 14, 2016 at 10:30 a.m.

Plaintiff Kevin Henry, 4133 Zurich Drive, Colorado Springs, Colorado 80920, (719) 635-6270, appeared *pro se*.

Taylor T. Haywood, Akerman LLP, 1900 Sixteenth Street, Suite 1700, Denver, Colorado 80202, (303) 260-7712, appeared for defendant The Bank of New York Mellon fka The Bank of New York as Trustee (CWALT 2005-J12) (**BoNY**).

### 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Federal question jurisdiction exists because plaintiff's

amended complaint asserts a cause of action arising under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's statement**: Plaintiff, Kevin Henry states that BoNY, alone or through its agents, did not follow the requisite procedures for initiating a foreclosure under Colorado or Federal law. BoNY was not the current and legal creditor necessary to initiate a foreclosure action on the plaintiff's property at 4133 Zurich Dr. BoNY is relying on a lawfully rescinded note and deed of trust to prove standing to proceed in this action. The foreclosure was time-barred by Colorado's 6 year statute of limitations. Wrongful foreclosure is a cognizable claim having been pled in Colorado State and Appellate Court, as well as other state and federal courts.

b. **Defendant's statement**: BoNY contends it properly foreclosed plaintiff's deed of trust.  BoNY denies the statute of limitations expired before BoNY completed its foreclosure and that it lacked standing to foreclose.  BoNY also contends plaintiff did not have a right to rescind his loan under TILA in 2016, when he allegedly sent his notice of right to cancel.  Plaintiff's right of rescission expired, at the latest, three years after the loan closed—in 2008.  In addition, BoNY contends "wrongful foreclosure" is not a cognizable cause of action under Colorado law.

### 4. UNDISPUTED FACTS

None at this time.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff's statement**: Plaintiff's damages consist of loss of the fair market value of his property located at 4233 Zurich Dr., Colorado Springs, CO 80920, any rent / lease payments incurred during this litigation and any other monetary, emotional and physical damages

{39935654;1}

to be determined at trial.

b. **Defendant's statement**: BoNY does not currently claim damages in this litigation. However, BoNY has and will continue to incur attorneys' fees and costs, and may seek to recover those attorneys' fees and costs at the conclusion of this litigation. BoNY will not know the extent of those damages until after trial, at such time as the court requests BoNY summarize its fees and costs. BoNY reserves the right to seek damages in a responsive pleading at a later date.

### 6. REPORT OF PRECONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 12(f)

a. **Date of 26(f) meeting:** September 20, 2016.

b. **Names of each participant and party he/she represented**: Plaintiff appeared *pro se*. Taylor Haywood represented BoNY.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**: Plaintiff served his initial disclosures on October 7, 2016. BoNY served its initial disclosures on October 4, 2016.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**: None.

e. **Statement concerning any agreements to conduct informal discovery**: None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system**: The parties agree to use a unified exhibit numbering system.

g. **Statement as to whether the parties anticipate that their claims or defenses

**will involve extensive electronically stored information, or that a substantial amount of discovery will involve information or records maintained in electronic form**: BoNY maintains records regarding plaintiff's loan in electronic form. The parties have discussed the production of electronically stored information and will work together to efficiently exchange this information. Electronically stored information will be produced in hard copy or .pdf form. Plaintiff does not waive his right to examine original documents as provided by law.

    h.    **Statement summarizing the parties' discussions concerning the possibilities for promptly settling or resolving this case**: The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.

## 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules**: Each party may take up to 3 depositions, including experts, and serve up to 25 interrogatories, including discrete subparts.

    b.    **Limitations which any party proposes on the length of depositions**: Depositions are to be limited to 7 hours per deposition.

    c.    **Limitations which any party proposes on the number of requests for production and/or requests for admission**: BoNY proposes a limit of 25 requests for production and 25 requests for admission.

    d.    **Other planning or discovery orders**: None.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings**: Plaintiff proposes November 28, 2016. BoNY proposes December 28, 2016.

b. **Discovery Cut-Off**: Plaintiff proposes March 17, 2017. BoNY proposes April 17, 2017.

c. **Dispositive Motion Deadline**: Plaintiff proposes April 28, 2017. BoNY proposes May 29, 2017.

d. **Expert Witness Disclosure**:

a. Anticipated fields of expert testimony: <u>Plaintiff does not anticipate calling an expert witness at this time. BoNY only intends to designate a rebuttal expert witness, if necessary.</u>

b. Proposed limitations on the use or number of expert witnesses: <u>None.</u>

c. The parties shall designate all experts and provide opposing counsel any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 14, 2016, 90 days before the discovery cut-off.

d. The parties shall designate any rebuttal experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) within 30 days after the expert disclosure deadline.

e. **Identification of Persons to be Disclosed**: Plaintiff intends to depose unknown party(s) to be identified during discovery. BoNY intends to depose plaintiff.

f. **Deadline for Interrogatories**: Plaintiff proposes February 13, 2017. BoNY proposes March 15, 2017. Both deadlines are thirty three days before the parties' proposed

discovery cut-offs.

g. **Deadline for Requests for Production of Documents and/or Admissions**: Plaintiff proposes February 13, 2017. BoNY proposes March 15, 2017. Both deadlines are thirty three days before the parties' proposed discovery cut-offs.

### 10. DATE FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement: None.

b. Anticipated length of trial and whether trial is to the court or jury: The parties anticipate a two to three day trial to the court.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.

Colo.LCivR. 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se parties*.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.Colo.L.CivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of November, 2016.

BY THE COURT:

_____

United States Magistrate Judge

**APPROVED:**

| | |
|---|---|
| This the 7th day of November, 2016. | This the 7th day of November, 2016. |
| /s/ *Kevin Henry* | /s/ *Taylor T. Haywood* |
| Kevin Henry | Justin D. Balser |
| 4133 Zurich Drive | Taylor T. Haywood |
| Colorado Springs, Colorado 80920 | AKERMAN LLP |
| Tel: (719) 635-6270 | 1900 Sixteenth Street, Suite 1700 |
| | Denver, Colorado 80202 |
| *Pro se Plaintiff* | Tel: (303) 260-7712 |
| *\*E-signature approved by plaintiff via e-mail on November 7, 2016* | *Attorneys for Defendant* |

{39935654;1}

7

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of November, 2016 a true and correct copy of the foregoing **PROPOSED SCHEDULING ORDER** was filed electronically via CM/ECF and served as follows:

>Kevin Henry
>4133 Zurich Drive
>Colorado Springs, Colorado 80920
>
>*Pro Se Plaintiff*
>*VIA U.S. MAIL*

*s/ Nick Mangels*
Nick Mangels